Sam S. Shaulson (SS-0460)
sshaulson@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSHE KOPLOWITZ, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>LABATON SUCHAROW LLP,<br><br>                Defendant. | ELECTRONICALLY FILED<br><br>Case No: 10- CV-5176<br><br>**Judge Kimba M. Wood** |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND DEFENSES

Defendant Labaton Sucharow LLP ("Defendant"), by and through its attorneys, hereby responds to Plaintiff Moshe Koplowitz's ("Plaintiff") Amended Complaint in accordance with the numbered paragraphs thereof as follows:

### JURISDICTION AND VENUE

1.      The allegations in paragraph 1 constitute legal conclusions to which no response is necessary.

2.      The allegations in paragraph 2 constitute legal conclusions to which no response is necessary.

### THE PARTIES

3.      Admitted.

4. Certain of the allegations in paragraph 4 are legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that it is a law firm with over 60 attorneys and with an annual gross volume of income in excess of $500,000. The remaining allegations in paragraph 4 are denied.

5. Defendant admits that its records reflect that Plaintiff was a New York resident during the time of his employment as an attorney with Defendant, that Plaintiff is an attorney, and that he was hired by Defendant as an attorney within the last three years on a temporary basis. Defendant denies any remaining allegations in paragraph 5.

## FLSA COLLECTIVE ACTION ALLEGATIONS

6. The allegations in paragraph 6 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiff purports to bring a collective action under the Fair Labor Standards Act ("FLSA"). Defendant denies that Plaintiff or any other individuals are entitled to any relief, and denies all remaining allegations in paragraph 6.

7. The allegations in paragraph 7 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 7.

8. The allegations in paragraph 8 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiff purports to bring a collective action. Defendant denies that putative "FLSA Collective Plaintiffs" are readily ascertainable, denies that Plaintiff or any other individuals are entitled to any relief, and denies all remaining allegations in paragraph 8.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

9. The allegations in paragraph 9 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiff purports to bring a class action. Defendant denies that Plaintiff or any other individuals are entitled to any relief, and denies all remaining allegations in paragraph 9.

10. The allegations in paragraph 10 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Plaintiff purports to bring a class action. Defendant denies that putative class members are readily ascertainable, denies that Plaintiff or any other individuals are entitled to any relief, and denies all remaining allegations in paragraph 10.

11. The allegations in paragraph 11 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 11.

12. The allegations in paragraph 12 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 12.

13. The allegations in paragraph 13 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 13.

14. The allegations in paragraph 14 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 14.

15. The allegations in paragraph 15 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 15.

16. The allegations in paragraph 16 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 16.

17. The allegations in paragraph 17 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 17.

18. The allegations in paragraph 18 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 18.

19. The allegations in paragraph 19 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 19, including all subparts.

## FACTS

20. Denied.

21. Defendant admits that it is a law firm and that one component of its practice relates to class action litigation.

22. Defendant admits that it at times employs attorneys for various projects involving litigation on a temporary or short term basis. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant admits that Plaintiff worked for the firm as an attorney on a short-term basis, and that one of his tasks was to review and analyze documents for litigation. Defendant denies the remaining allegations in Paragraph 23.

24. Denied.

25. Admitted.

26. Defendant admits that Plaintiff worked more than 40 hours per week on one or more occasions during his employment with Defendant.

27. Admitted.

28. Denied.

## FIRST CLAIM FOR RELIEF

29. Defendant incorporates by reference its responses to the previous paragraphs of Plaintiff's Amended Complaint as though fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

## SECOND CLAIM FOR RELIEF

33. Defendant incorporates by reference its responses to the previous paragraphs of Plaintiff's Amended Complaint as though fully set forth herein.

34. Denied.

35. Denied.

## GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted or not specifically modified herein.

## PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiff or any other member of the alleged class or collective action in any way, denies that Plaintiff or any other member of the alleged class or collective action is entitled to relief, and denies all other allegations contained in the prayer for relief.

## DEFENSES

1. Plaintiff and the potential class/collective action members fail, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims and those of the potential class/collective action members are barred, in whole or in part, because Plaintiff and others he seeks to represent were at all relevant times exempt from the overtime obligations of the FLSA and New York Labor Law under one or more exemptions, or combination of exemptions, including but not limited to the professional exemption.

3. Plaintiff's claims and/or those of some or all of the potential class/collective action members are subject to mandatory dispute resolution and arbitration, due to the existence of binding arbitration agreements.

4. Plaintiff's claims and/or those of some or all of the potential class/collective action members are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, and set-off.

5. Defendant's failure to pay overtime wages to Plaintiff and the potential class/collective action members was in good faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

6. Plaintiff and/or the potential class/collective action members have not demonstrated and cannot demonstrate facts sufficient to warrant an award of liquidated damages.

7. None of Defendant's actions or omissions constituted a willful violation of the FLSA or New York Labor Law.

8. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and the potential class/collective action members.

9. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to potential collective action members, Plaintiff has not defined the potential collective action members clearly and objectively, and Plaintiff cannot adequately represent the interests of potential collective action members.

10. Plaintiff is not entitled to certification or Court-facilitated notice under Rule 23 because Plaintiff has not defined the class clearly and objectively, Plaintiff's claims are not typical of any ascertainable class, Plaintiff could not fairly and adequately protect the class interest, and a class action is not superior to other available methods for adjudication of the controversy.

11. Plaintiff's attempt to pursue this case as a class and/or collective action fails because an independent and individual analysis of Plaintiff's claim and those of each putative class/collective action member and each of Defendant's defenses is required.

12. The pursuit of Plaintiff's New York class claim is barred by CPLR § 901(b).

13. The pursuit of Plaintiff's New York Labor Law claims conflict with and/or are preempted, in whole or in part, by federal law.

14. Plaintiff's claims and/or those of potential class/collective action members are offset by any amounts owed to Defendant, including but not limited to, overpayments or other forms of unjust enrichment.

15. Plaintiff's claims and/or those of potential class/collective action members are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

16. Plaintiff's claims and/or those of potential class/collective action members are barred, in whole or in part, by applicable statutes of limitations.

17. Plaintiff's state law overtime class claim violates the Rules Enabling Act because it abridges the substantive rights conferred by Section 216(b) of the FLSA.

18. Plaintiff's claims and/or those of potential class/collective action members are barred to the extent they seek remedies beyond those provided for by the FLSA and New York Labor Law.

19. The claims of Plaintiff and potential class/collective action members are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA and New York Labor Law.

20. New York's overtime regulation is invalid.

21. New York's overtime regulation is unconstitutional.

22. Plaintiff's claims and/or those of the potential class/collective action members are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior and Plaintiff and/or the potential class/collective action members unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

Defendant reserves the right to amend this Answer and add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Defendant, Labaton Sucharow LLP, respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Dated: New York, New York
September 13, 2010

MORGAN, LEWIS & BOCKIUS LLP

By: s / Sam S. Shaulson
    Sam S. Shaulson

101 Park Avenue
New York, New York 10178
Tel: 212-309-6000
Fax: 212-309-6001
sshaulson@morganlewis.com

Attorneys for Defendant